Jan SHERMAN, on behalf of herself
and all others similarly situated;
et al., Plaintiffs—Appellants,

v.

NETWORK COMMERCE, INC; et
al., Defendants—Appellees.

No. 02–36031.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 3, 2004.

Decided April 5, 2004.

Lynn Sarko, Esq., Seattle, WA, Michael Braun, Patrice Bishop, Stull Stull & Brody, Los Angeles, CA, Elizabeth A. Leland, Keller Rohrback LLP, Seattle, WA, Clifford A. Cantor, Law Offices of Clifford A. Cantor, P.C., Sammamish, WA, Scott A. Kamber, Weschler Harwood Halebian & Feffer LLP, New York, NY, for Plaintiffs–Appellants.

Stellman Keehnel, Brian D. Buckley, Gray Cary Ware & Freidenrich, LLP, Seattle, WA, for Defendants–Appellees.

Before: O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

The plaintiffs are individuals who acquired the common stock of Network Commerce, Inc. ("NCI") during the class period and whose acquisitions were traceable to registration statements relating to two public offerings or NCI's merger with another company. The plaintiffs alleged violations of various securities laws, and the district court dismissed all claims. The plaintiffs appeal the dismissal of their claims under §§ 11 and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k(a), 77o. We affirm in part, reverse in part, and remand.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Because § 11 is a strict liability provision, *see Herman & MacLean v. Huddleston*, 459 U.S. 375, 382, 103 S.Ct. 683, 74 L.Ed.2d 548 (1983), a plaintiff need not allege or prove reliance, knowledge, or scienter. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 200, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976), *reh'g denied*, 425 U.S. 986, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976). We have held, however, that when a plaintiff bases a § 11 claim entirely on unified course of fraudulent conduct, the claim is "grounded in fraud" or "sounds in fraud." *See Anderson v. Clow (In re Stac Elecs. Sec. Litig.)*, 89 F.3d 1399, 1404–05 (9th Cir.1996). In that instance, the pleading must satisfy the particularity requirement of Fed. R. Civ. P. 9(b). *Id.*

Recently, we clarified that when fraud is not an essential element of a claim but the plaintiff chooses to allege some fraudulent conduct and some non-fraudulent conduct, only the allegations of fraudulent conduct must satisfy the heightened pleading requirements of Rule 9(b). *See Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1104–05 (9th Cir.2003). The allegations of the non-fraudulent conduct need only satisfy the ordinary notice pleading of Rule 8(a). *Id.* If the particular averments of fraudulent conduct are insufficiently pled under Rule 9(b), then the court should disregard these averments or "strip" them from the claim. *Id.* The court must then examine the remaining allegations to determine if they state a claim. *Id.*

In the instant case, the district court entered its order of dismissal before our decision in *Vess*. The district court analyzed the plaintiffs' claims under *Stac*, found that they sounded in fraud, and concluded that the pleadings did not satisfy the particularity requirement of Rule 9(b). The district court did not, as *Vess* requires, consider whether the plaintiffs alleged non-fraudulent as well as fraudu-

lent conduct. Consequently, it did not disregard the insufficiently pled averments of fraudulent conduct and determine whether the remaining allegations state a § 11 claim. Accordingly, we reverse the district court's order and remand the case for reconsideration in view of *Vess*. Because the plaintiffs did not appeal the district court's determination that their allegations of fraudulent conduct failed to comply with Rule 9(b), the district court's inquiry on remand should be limited to whether any allegations of non-fraudulent conduct are sufficient to state a § 11 claim.

In order to allow the district court the opportunity, after it reevaluates the sufficiency of the pleadings in light of *Vess*, to reconsider the motion to amend the pleadings, we also reverse the denial of leave to amend the pleadings. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989).

Each party shall bear its own costs on appeal.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.